IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                         ) | CASE NO. CR415-204 |
| ) | |
| LARRON R. BRUCE,           ) | |
| ) | |
| Defendant.              ) | |

## O R D E R

Before the Court is Defendant Larron R. Bruce's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) (Doc. 242), which the Government has opposed (Doc. 244). In his motion, Defendant argues that the Court should reduce his sentence because his sentencing guideline range was improperly enhanced. (Doc. 242 at 7-8.) Defendant primarily argues that the Court improperly considered prior drug-related conduct in calculating his sentence. (Id. at 1.) After careful consideration, Defendant's motion (Doc. 242) is **DENIED**.[1]

Under 18 U.S.C. § 3582(c)(2) the Court may not modify a term of imprisonment, except

> in the case of a defendant who has been sentenced to a **term of imprisonment based on a sentencing range that**

---

[1] Defendant also filed a Motion to Amend/Correct his motion for a sentence reduction. (Doc. 243.) Defendant's motion to amend (Doc. 243) is hereby **GRANTED,** and the Court has considered the additional arguments raised in Defendant's motion to amend. The arguments raised in Defendant's motion to amend, however, do not provide any grounds to alter the Court's determination that Defendant's motion for a sentence reduction must be denied.

> **has subsequently been lowered by the Sentencing Commission** pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added). "And a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case." United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

Here, Defendant does not contend that he is eligible for a reduced sentence based upon the Sentencing Commission's retroactive amendments to the guidelines. Rather, Defendant is challenging the original calculation of his sentencing guidelines. (Doc. 242 at 7-8.) Defendant has unsuccessfully attempted to challenge the calculation of his sentence several times before his current motion, including through a motion under 28 U.S.C. § 2255 and a prior § 3582(c)(2) motion, both of which the Court denied. (Doc. 152; Doc. 193; Doc. 167; Doc. 199.)

Again, the Court must deny Defendant's challenge to the calculation of his sentence because § 3582(c)(2) only authorizes a district court to reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) does not grant the district court jurisdiction

2

to consider extraneous resentencing issues, including collateral attacks on a sentence." United States v. Pierre, 646 F. App'x 856, 857 (11th Cir. 2016) (citing United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000)). A defendant "must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255." Bravo, 203 F.3d at 782. Because Defendant has not shown that a retroactive amendment lowered his sentencing guidelines range, this Court is without jurisdiction to reduce Defendant's sentence under § 3582(c)(2). Accordingly, Defendant's motion (Doc. 242) is **DENIED**.[2]

SO ORDERED this 22ND day of July 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Defendant also filed a Motion for the Appointment of Counsel. (Doc. 240.) The Eleventh Circuit has "held that a prisoner has no constitutional or statutory right to counsel for an 18 U.S.C. § 3582(c)(2) motion for compassionate release." United States v. Courson, 835 F. App'x 546, 546 (11th Cir. 2021); United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009). The Court finds that Defendant has capably presented his request for a sentence reduction and, thus, the interests of justice do not demand the appointment of counsel. See Courson, 835 F. App'x at 547. Accordingly, Defendant's request for the appointment of counsel (Doc. 240) is **DENIED**.